## Richmond

### KATHRYN L. REESE

### V.

### WAMPLER FOODS, INC., ET AL.

June 12, 1981.

Record No. 790767.

Present: All the Justices.

*Ruth C. Stoltzfus* for appellant.

*M. Bruce Wallinger (Wharton, Aldhizer & Weaver,* on brief), for appellees.

THOMPSON, J., delivered the opinion of the Court.

On July 20, 1975, Kathryn L. Reese sustained injuries to her back while performing duties arising out of and in the course of her employment with Wampler Foods, Inc. (Wampler Foods). Reese's injuries were subsequently deemed compensable under the Virginia Workmen's Compensation Act, and she was awarded $68 per week beginning August 5, 1975. Compensation continued until May 16, 1977.[1] On May 17, 1977, Reese returned to work, performing duties of a different nature than those undertaken prior to the accident. On March 6, 1978, Reese allegedly sustained further work-related injury to her back during her employment with Wampler Foods. Reese then sought compensation for this second injury, and by letter from counsel dated May 3, 1978, she attempted to file a claim for such compensation.

On October 26, 1978, a hearing was held before a deputy commissioner of the Industrial Commission who ruled that Reese was not entitled to further disability benefits. The deputy commissioner ruled that because the March 6, 1978 injury was a *recurrence* of injuries sustained on July 20, 1975, and not the result of a new accident, Reese had failed to timely file an application for review of award based on change of condition. By review opinion dated April 17, 1979, the full Commission adopted the decision of the deputy commissioner and affirmed the dismissal of the claim. From that adverse ruling, Reese appeals.

At the outset we are faced with the question whether Reese's petition for appeal was timely filed with this court. The award from which this appeal was taken was entered on April 17, 1979. Postal receipts contained in the record indicate that notice of the award was received by counsel for Reese on April 18, 1979. Reese's petition for appeal was forwarded by certified mail, postage prepaid, to the Clerk of this court on May 18, 1979, with actual receipt and filing in the Clerk's office on May 21, 1979.

Regarding appeals from the Industrial Commission, Code § 65.1-98 provides in part:

---

[1] For reasons not germane to this appeal, compensation was terminated on December 6, 1976, but reinstated on April 5, 1977.

Appeals shall lie . . . to the Supreme Court in the manner provided in the Rules of the Supreme Court; provided, however, that the petition for such appeal shall be filed with the Clerk of the Supreme Court *within thirty days from the date of such award or within thirty days after receipt of notice* to be sent by registered mail *of such award.* [Emphasis added.]

Wampler Foods argues that appeals from the Industrial Commission are strictly controlled by Code § 65.1-98 and that mailing within the thirty-day period without actual receipt by the Clerk does not comply with this statute. We do not agree.

Rule 5:19(a) states that "Rules 5:6 through 5:15 (except Rule 5:13) do not apply to appeals from the Industrial Commission except as otherwise specified . . . ." Accordingly, all other rules necessarily apply to appeals from the Industrial Commission unless they are specifically exempted. If a statute expressly excepts a class which would otherwise fall within its terms, the exception negates the idea that any other class is to be excepted. *Trustees of American Bank of Orange* v. *McComb,* 105 Va. 473, 477, 54 S.E. 14, 15 (1906); *Whitehead* v. *Cape Henry Syndicate,* 105 Va. 463, 471, 54 S.E. 306, 308 (1906). *Cf. Tate* v. *Ogg,* 170 Va. 95, 195 S.E. 496 (1938).

Further, Rule 5:24,[2] which is not specifically excepted by Rule 5:19(a), provides in part:

Rule 5:24. *Time and Place for Filing Petition for Appeal* . . . . The petition shall be deemed timely filed if it is mailed postage prepaid to the clerk of this Court by registered or certified mail and if the official receipt therefor is exhibited upon demand of the clerk or any party and it shows mailing within the prescribed time limits.

The provision of Rule 5:24 permitting the mailing of a petition became effective on July 1, 1976, and changed the rule embraced in *Mears* v. *Mears,* 206 Va. 444, 446, 143 S.E.2d 889, 890 (1965), where mailing was held to be at the risk of the party using it. This provision was not created, however, to extend the time in which a party has to file a petition, but (1) to circumvent the inconvenience of having to personally appear in the Clerk's office to effect a filing, and (2) to protect a party from those delays which

---

[2] *Cf.* Code § 8.01-674.

often occur in the regular dispatch of mail and naturally are outside a party's control.

We see no reason for a distinction in the manner in which petitions for appeal from the Industrial Commission are physically filed as compared to those in civil and criminal litigation. The procedure should be uniform to the extent our rules permit. We therefore hold that the petition was timely filed.

■ We turn now to the merits of the appeal and Reese's contention that the Industrial Commission erred in applying a one-year statute of limitations. Code § 65.1-99 was amended effective July 1, 1977, to increase the time permitted for filing an application for review based on change of condition from 12 to 24 months. Acts 1977, c. 380.[3] In the instant case, the Commission applied the statute in its pre-amendment form, ruling that Reese had failed to file her application within twelve months of the last payment of compensation and, accordingly, was now barred from receiving any further disability benefits. In this respect, the Commission apparently concluded that, because the alleged accident occurred *prior* to the amendment of Code § 65.1-99, Reese was not entitled to the 24-month period in which to file.

Our recent decision in *Buenson Division, Aeronca, Inc.* v. *McCauley,* 221 Va. 430, 270 S.E.2d 734 (1980), held that the amendment to Code § 65.1-99 is retroactive and should be applied to allow filing for a review based on change of condition, even though injury occurred prior to the effective date of the amendment, where the new limitation became effective before the old limitation would have barred the claim. Accordingly, in the instant case, any valid application for review based on change of condition made by Reese *within 24 months* of May 16, 1977, the date on which benefits were terminated, would satisfy the requirements of Code § 65.1-99, as amended. We must now examine the record to determine if Reese filed a sufficient application for re-

---

[3] Code § 65.1-99. *Review of award on change in condition.*—Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-143, 65.1-144 and 65.1-151. No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this Act, except thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56.

view based on change of condition within the applicable 24-month period.

By letters of counsel dated May 4, 1978, and August 7, 1978, Reese first attempted to file a claim for compensation for injuries resulting from a *new accident*. This intent was clearly demonstrated by counsel's statements at the hearing before the deputy commissioner on October 26, 1978:

*By Deputy Commissioner Yates:*
Q. Now your [sic] back with a new accident, not a reoc-
curence [sic] of the one in this old file, right?
*Mr. Crist:*
That may be for the Commission to decide—our claim is for a *new accident*. [Emphasis added.]

At the hearing below, Reese's claim was dismissed because she did not sustain the burden of proving that a *new* industrial accident had occurred. By order dated November 29, 1978, Deputy Commissioner Yates recited, "The record is abundantly clear that the occurrence of March 6, 1978, was nothing more than an exacerbation of the continuing back difficulties which have afflicted this plaintiff since the original accident and therefore does not constitute a new accident."

■ After the hearing, counsel for Reese, by letter dated November 8, 1978, sought to have Reese's award reviewed based on a change of condition.[4] No formal application for review by reason

---

[4] This letter states in pertinent part:

The claimant respectfully submits that the testimony given by her at the hearing held before you on October 26, 1978, along with the medical evidence submitted is sufficient to establish that a new accident occurred on March 6, 1978, at Wampler Foods, Inc. The claimant will not deny the fact that she had experienced a previous injury in 1975 and was still experiencing pain from that injury. Evidence of this can be seen in the fact that she was still seeing Dr. Webster during the time of her return to employment at Wampler Foods, at her own expense, since her own employer refused to pay those medical expenses. However, on March 6, 1978, Mrs. Reese experienced an accident as defined under Section 65.1-7 of the Code of Virginia, 1950, as amended, which would entitle her to compensation from her employer. Since the date of that injury, Mrs. Reese has been unable to return to any type of employment.

Although the claimant asserts that a new injury occurred for which she is entitled to compensation, if the Industrial Commission should find that the claimant merely suffered a change in condition, then the claimant would submit that she is still entitled to compensation under a change of condition.

of change of condition was ever filed. It is for us to decide whether this letter constituted a valid application within the meaning of Code § 65.1-99. If valid, the application was timely, and the Commission committed error by not reviewing Reese's award.

In *Jones Construction Co.* v. *Martin,* 198 Va. 370, 94 S.E.2d 202 (1956), we considered a similar situation. In that case, the claimant Martin suffered injury to his back during the course of employment. Following an operation and a period of convalescence, Martin returned to work but was assigned less strenuous duties. After his employment was terminated for reasons which are irrelevant here, Martin sent a letter to the Industrial Commission attempting to procure a review of award on grounds of change in condition. The letter was received by the Commission, read, and forwarded to the insurance carrier. Martin was then sent a blank application for review with the recommendation that he complete the form and return it to the Commission. Martin failed to comply promptly, and the formal application was not filed until after the statutory period of limitation under Code § 65-95 (now Code § 65.1-99) had expired. We held that the letter initially sent by Martin to the Commission was sufficient as an application for review and said:

> [C]laimant's letter . . . referred to his accidental injury, to the fact that he was incapacitated thereby to the extent that he could not do heavy work, and that because of his disability he had been denied employment.
>
> It is quite clear from what has been said that the claimant, the employer, the insurance carrier, and the Commission treated this letter as a sufficient and timely application for a review of the previous award. We hold that under the circumstances it was.

198 Va. at 373, 94 S.E.2d at 204.[5]

The submission of a standardized, uniform award review application, although preferable and more conducive to the orderly administration and disposition of workmen's compensation claims, is not a prerequisite for compliance with Code § 65.1-99. Here, as in *Jones Construction Co.,* both the Commission and the employer were informed that Reese had sustained injury, that such injury occurred on March 6, 1978, and that she desired a review of her

---

[5] *See also Wise Coal and Coke Co.* v. *Roberts,* 157 Va. 782, 161 S.E. 911 (1932).

award based on a change in condition. This comports with the minimum standards of Code § 65.1-99.

For these reasons, we hold that the Industrial Commission should have reviewed Reese's award of compensation on grounds of a change in condition. We therefore reverse the order, restore the claim to the Commission's docket, and remand the case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*