**Salem**

CURTIS J. SUITE

v.

CLINCHFIELD COAL COMPANY

No. 1139-88-3

Decided August 15, 1989

COUNSEL

Jerry O. Talton, Jr., for appellant.

Suzan E. Moore (Penn, Stuart, Eskridge & Jones, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In this appeal we are asked to decide whether the employer's application for hearing alleging a change in condition stated a lack of causal connection between the industrial injury and appellant's disability. Finding that it did, we affirm the decision of the Industrial Commission.

Curtis J. Suite, appellant, sustained a ventral incisional hernia as a result of his August 3, 1987 industrial accident. An award was entered in Suite's favor, and he began receiving weekly payments. On November 20, 1987, the employer filed an application for hearing to terminate benefits, alleging a change in condition based on the "[r]eport of Dr. Larsen to the effect [Suite was] able to return to [his] regular employment on November 2, 1987." The deputy commissioner found, and the full commission affirmed, that the medical problems that interfered with appellant's return to work were unrelated to the August 3 industrial injury and entered an award on the employer's behalf terminating benefits.

Suite does not challenge the commission's finding that he is no longer disabled by his industrial injury. Rather, he asserts that the issue of causal connection between his continued disability and his industrial accident was not before the commission and therefore it was error to enter an award based on lack of causal connection. Suite bases this argument on *Celanese Fibers Co. v. Johnson*, 229 Va. 117, 326 S.E.2d 687 (1985). In *Celanese* the employer's application stated only that the claimant was "able to . . . return to [her] regular employment . . . ." *Id.* at 119, 326 S.E.2d at 689. The deputy commissioner found that the claimant was no longer disabled and could return to work and entered an award to that effect. The full commission reversed, stating that the evidence did not establish that the claimant was no longer disabled. On appeal our Supreme Court stated:

> Where . . . causal connection between an industrial accident and disability has been established by the entry of an award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause.

*Id.* at 120, 326 S.E.2d at 690. However, because the causal connection issue was not addressed by the deputy commissioner or the

full commission, the Court held that the issue was not properly before the Court on appeal. In contrast to *Celanese*, we find that the issue of causal connection was raised by the employer in this case and was properly before the commission. The application stated that appellant was able to return to work based on the attached medical report of Dr. Larsen. Dr. Larsen's report stated:

> that as far as his recent operation goes [repair of the incisional hernia] [Suite] is now ready to return to work. He is, of course, quite frail, does have COPD [chronic obstructive pulmonary disease] and I do not think in any case that he should be doing heavy physical labor. This will probably remain the same the rest of his life. I do not feel at this point, however, that further delay in returning to work will affect his hernia repair.

Dr. Larsen's report makes clear that Suite's continued disability was unrelated to his industrial injury. We find that the reference to Dr. Larsen's report was sufficient to raise the issue of lack of causal connection between the industrial injury and appellant's disability. Unlike the employer's application in *Celanese*, the employer's application went beyond the mere assertion that appellant was able to return to work and stated as its basis, through the attached medical report, that Suite's continued disability was not due to his industrial injury. Therefore, we hold that the causal connection issue was properly before the commission and it could enter an award on that basis. For the foregoing reasons, the decision appealed from is affirmed.

*Affirmed.*

Hodges, J., concurred.

Coleman, J., dissenting,

The majority acknowledges that the *Celanese* opinion controls this case. *Celanese* held that when an employer applies to terminate benefits based on a change in condition it must specifically allege that the employee is not disabled from returning to his preinjury employment and that the remaining disability is causally unrelated to the industrial injury. 229 Va. at 120, 326 S.E.2d at 690. An application asserting that the employee can return to regular employment only places in issue whether the claimant

continues to be disabled from returning to his preinjury employment. *Id.* Justice Poff, writing for a unanimous court in *Celanese*, stated that "an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause." *Id.* The requirement that the application must allege no causal relationship between the disability and accident is stated in general terms in Code § 65.1-99 and in Rule 13 of the Industrial Commission, which provides that an employer's change in condition application shall state the ground relied upon for relief.

The majority holds that the employer's application met the requirements of *Celanese* and of Rule 13 because the medical report of Dr. Larsen constituted part of the employer's application under Rule 13 and Larsen's report provided the employee adequate notice that the employer contended that claimant's continued disability was wholly unrelated to the industrial accident. I cannot agree with the majority holding on either basis and must respectfully dissent. I do not agree that the medical report, which is the "supporting documentary evidence" that must be furnished to the employee, is part of the application. *See* Rule 13(A)(3). I also do not agree that, even if the medical report was part of the application, Dr. Larsen's report was sufficient to place the employee on notice that the employer contended that his continued disability was wholly unrelated to his accidental injury.

I do not read *Celanese* to hold that a doctor's report filed with the employer's application serves to define whether the employer bases its claim upon no disability or no causal relation, or both. In *Celanese* at least two physicians' reports obtained by the employer prior to filing its application indicated that the employee's continuing disability was unrelated to the industrial accident. One medical report, indicating that the disability was unrelated to the industrial accident, suggested that the employee apply for accident and sickness disability benefits. Presumably those medical reports were filed with the application as required by Rule 13(A)(3). From my reading of *Celanese*, the medical reports simply more clearly apprised the employee that the employer's application claimed a lack of causal relation between the disability and injury. However, the reports in *Celanese* were not considered part of the employer's application. Thus, I do not agree with the majority's application of Rule 13, which permits the medical reports to serve

the function of an employer's application.

Admittedly, pleading requirements before the Industrial Commission do not require the same formality that is required in judicial proceedings. *See Reese v. Wampler Foods, Inc.*, 222 Va. 249, 278 S.E.2d 870 (1981). Nevertheless, a medical report submitted as supporting evidence should not be used to serve the function of an employer's application, which provides an employee notice of the employer's claim which he must defend. Often, medical reports are conflicting, self contradictory, or vague. To permit supporting medical reports to serve the function of an employer's application and of notice to an employee will cause uncertainty and create confusion. In my view, the majority holding contravenes the purpose of Rule 13 and the holding in *Celanese.*

Even if the majority correctly held that Dr. Larsen's report was part of the employer's application, I do not agree that the report was sufficient to notify the employee that his employer claimed he was disabled from returning to work for causes unrelated to his industrial accident. The report of Dr. Larsen stated that Suite could return to work. The report also stated that Suite would probably be limited the rest of his life from doing heavy physical labor, Dr. Larsen stated that "he [Suite] is now ready to return to work" and "I do not feel at this point, however, that further delay in returning to work will affect his hernia repair." The report also notes that claimant is "quite frail" and "does have [preexisting] COPD" (chronic obstructive pulmonary disease). I find nothing in Dr. Larsen's report which states that Suite continues to have the preexisting limitations that he did before his injury but is not disabled. Larsen further reported, "I do not feel at this point . . . that further delay in returning to work will affect his hernia repair." While Larsen reported that Suite had preexisting limitations and the evidence may have been sufficient to support the commission's finding, the report did not notify Suite that the employer intended to prove that his disability was from causes wholly unrelated to his industrial accident. Accordingly, for this additional reason, I believe that the question whether any continuing disability was causally unrelated to the industrial injury was not properly before the commission.

In my view the only question properly presented to the Industrial Commission was whether the employee remained disabled from fully performing the duties of his preinjury employment. *See*

*Sky Chefs, Inc. v. Rogers*, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981). The deputy commissioner and commission held that the medical evidence that Suite was able to return to his regular employment was limited to the disability resulting from the surgery and repair of the hernia. They ruled, in effect, that the evidence failed to prove that Suite was no longer disabled by being able to fully perform the duties of his preinjury employment. That finding was supported by credible evidence. Dr. Larsen, who reported that Suite was "able to return to work," did not address whether the claimant could fully perform the duties of his preinjury employment. *See Celanese*, 229 Va. at 120, 326 S.E.2d at 690. Accordingly, although the disability issue was properly before the commission, the commission found that the evidence failed to establish that Suite could return to his preinjury employment and that question is not before us on appeal.

I do not suggest that an employer cannot apply for a termination of benefits based upon a change of condition alleging that the claimant is no longer disabled or, alternatively, that any continuing disability is wholly unrelated to his industrial injury. However, in my view the only question properly before the commission in this case was whether the employee was disabled. That holding was not appealed. I would reverse the commission for deciding an issue not before it and direct it to reinstate Suite's award of benefits, with leave granted to the employer to file such applications as it be so advised.