STUMP TRUCKING, et al.

v.

JAMES KENNETH STUMP

No. 1353-90-3

Decided May 21, 1991

COUNSEL

Christen W. Burkholder (John E. Kieffer; Woodward, Miles & Flannagan, on briefs), for appellants.

Gerald F. Sharp (Browning, Morefield, Lamie and Sharp, P. C., on brief), for appellee.

OPINION

**KOONTZ, C.J.**—Stump Trucking and its insurer, American Casualty Company, appellants, appeal an Industrial Commission decision holding that Stump Trucking's application for a hearing based on a change in condition failed to raise the issue of causation, and, therefore, that issue properly was not addressed by the deputy commissioner. On appeal, Stump Trucking argues the issue of causation was properly raised in its application, which referred to an independent medical evaluation that stated James Kenneth Stump, appellee, could return to his pre-injury employment. Upon review, we affirm.

Mr. Stump sustained a compensable lower back injury that arose out of and during his employment with Stump Trucking on January 21, 1987. Stump Trucking accepted Mr. Stump's claim on a memorandum of agreement, upon which the Industrial Commission entered an award for temporary total disability benefits on April 20, 1987. After Mr. Stump failed to return to work for over three years, Stump Trucking obtained an independent medical evaluation (IME) of Mr. Stump's condition from Dr. G.V. Reddy. In his September 18, 1989 report, Dr. Reddy stated that in his opinion Mr. Stump was no longer suffering from disability due to his January 21, 1987 injury, but instead was experiencing problems from a preexisting spondylolysis of his lower back. Dr. Reddy concluded: "It is my opinion that the patient has reached pre-injury status and I cannot think of any good reason why this patient should not return to his work."

Based on Dr. Reddy's evaluation, Stump Trucking ceased paying benefits on October 10, 1989 and filed with the commission an application for a hearing to terminate benefits. The application alleged a change of condition based on "Medical IME of Dr. G.V. Reddy advising [Mr. Stump] can work." After conducting a hearing, the deputy commissioner found the medical opinion of Mr. Stump's treating orthopedist, Dr. J. Eelma, that Mr. Stump continued to be disabled was more persuasive than Dr. Reddy's opinion, which was based on a single examination. The deputy commissioner also found the issue of the causation of Mr. Stump's

ongoing disability was not before the commission.

On review, the full commission affirmed the deputy commissioner's decision and expounded on the finding that Stump Trucking had failed to raise the issue of causation. The commission held Dr. Reddy's IME was not incorporated by reference into the application for hearing since the application only alleged Mr. Stump could return to work. The commission found the facts in this case were more akin to those in *Celanese Fibers Co. v. Johnson*, 229 Va. 117, 326 S.E.2d 687 (1985), than those in *Suite v. Clinchfield Coal Co.*, 8 Va. App. 554, 383 S.E.2d 21 (1989), *aff'd*, 9 Va. App. 492, 389 S.E.2d 187 (1990), where we held an employer sufficiently incorporated by reference a physician's report into its application for hearing. We agree.

In *Celanese Fibers Co.*, the Virginia Supreme Court established the rule that the issue of causal connection must be raised before the deputy commissioner and the full commission in order for it to be properly before this Court on appeal. 229 Va. at 120, 326 S.E.2d at 689. There, the employer's change-in-condition application for hearing was based solely on the allegation that the claimant was "able to . . . return to [her] regular employment." *Id.* at 119, 326 S.E.2d at 689. The Court held the application raised the issue of whether the claimant could return to work but failed to raise the issue of causation; therefore, the Court refused to consider the causation issue. *Id.* at 120, 326 S.E.2d at 689-90.

In *Suite*, we established the minimum requirements for raising the issue of causation in a change-in-condition application. In that case, the employer filed a change-in-condition application for hearing based on the *attached* medical "[r]eport of Dr. Larsen to the effect [Suite was] able to return to [his] regular employment on November 2, 1987." 8 Va. App. at 555, 383 S.E.2d at 22. We found the application incorporated by reference the attached medical report, which sufficiently raised the issue of causal connection between the industrial injury and the claimant's disability. Therefore, we held the causal connection issue was properly before the commission. *Id.* at 556, 383 S.E.2d at 23.

In the present case, we do not find the facts rise to those in *Suite* where the application was based on an attached, referenced medical report. Though Dr. Reddy's IME report is part of the record, there is no evidence in the record indicating it was attached to the appellants' application for hearing, except for appel-

lants' contention in their brief. While the application referred to Dr. Reddy's report, it failed to clearly identify the report so as to give Mr. Stump adequate notice of the grounds upon which Stump Trucking was basing its change-in-condition allegation. The application did not indicate the date of the report or its location. Instead, Stump Trucking's application forced Mr. Stump to speculate which report Stump Trucking was referring to in its application. In *Suite*, the claimant undoubtedly knew which medical report the application referred to and the basis of the application since the medical report was attached to it. The same cannot be said in this case. Stump Trucking's application only indicated Dr. Reddy's medical IME stated Mr. Stump could work. Therefore, we believe the present case more closely resembles *Celanese*, where the application only raised the issue of whether the claimant could return to work. Based on the record, we hold the application failed to adequately raise the issue of causal connection, and, therefore, the commission properly affirmed the deputy commissioner's refusal to consider it.

For the foregoing reasons, we affirm the commission's decision.

*Affirmed.*

Barrow, J., and Moon, J., concurred.