COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Salem, Virginia


KEEN DRILLING COMPANY, INC.
and
HARTFORD UNDERWRITERS INSURANCE COMPANY

v.        Record No. 1225-94-3        MEMORANDUM OPINION[*]
                                    BY JUDGE SAM W. COLEMAN III
JERRY ASA SMITH                          JUNE 20, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Sarah Y.M. Kirby (Cecil H. Creasey, Jr.;
              Jennifer G. Marwitz; Sands, Anderson, Marks & Miller,
              on brief), for appellants.

              Gregory R. Herrell (D. Edward Wise, Jr.; Arrington,
              Schelin & Herrell, P.C., on brief), for appellee.


     Keen Drilling Company appeals a denial by the Workers'

Compensation Commission of its application for change of

condition.  The issues on appeal are whether the commission erred

when it determined that the employer's application did not raise

the issue of causation and whether the commission erred by

determining that the employer failed to prove that the employee

could return to his pre-injury job status.  For the following

reasons, we affirm the decision of the commission.

     The complainant, Jerry Smith, sustained a compensable back

injury in 1992 while working as a drill helper for Keen Drilling

Company, Inc.  Smith received treatment from Dr. Timothy McGarry.

 Drs. Abeleda and Hill also treated Smith for related anxiety and

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

depression. In 1993, Dr. McGarry prepared a letter report in which he opined that there was no physical reason Smith could not return to his pre-injury job status. Psychological testing and interviews showed that Smith still was suffering from anxiety and depression.

Keen filed an application for a change of condition based upon the report of Dr. McGarry. The application merely stated that "Dr. McGarry, the [primary treating physician] has indicated that employee is capable of returning to work regular duty." Attached to the application was a letter from Dr. McGarry, which stated:

Dear Ms. Meade:

I received your inquiry regarding the above captioned patient. Please find enclosed the pre-injury job description for consideration of releasing Mr. Smith to his pre-injury work.

Based upon my evaluation of Mr. Smith and also in light of the evaluations by both Drs. Wood and Bachman, I find no definite physical reason why Mr. Smith should not be able to return to his pre-injury work status. However, I must qualify this statement somewhat in light of the markedly abnormal MMPI which Mr. Smith completed and which was read by Dr. Hill. As you note, it appeared that Mr. Smith's psychological profile was not related to his injury, but there is no question in my mind that his psychological profile significantly affects his current physical status. I think that Mr. Smith would definitely benefit from further psychiatric evaluation and feel in the longrun that this may be the answer to his significant problems.

The deputy commissioner found that the application did not raise a causation issue and determined that Smith could not return to his pre-injury job status. The commission affirmed the

deputy commissioner's decision.

Rule 13 (now Rule 14) mandates that an application for a change of condition shall state the grounds for relief. One purpose of this portion of the rule is to provide due process notice to the claimant so that he or she can prepare to be heard on the issues raised in the application. To raise the issue of causation, an employer must do more than allege that the claimant is able to return to work, Celanese Fibers Co. v. Johnson, 229 Va. 117, 326 S.E.2d 687 (1985), or by application state that the claimant is able to return to work and include a standard physician's form from the attending physician which states that the employee can return to work. Central Virginia Training Center v. Martin, 2 Va. App. 188, 189-90, 342 S.E.2d 652, 653 (1986). An employer must allege that the "effects of the injury have fully dissipated and the disability is the result of another cause." Johnson, 229 Va. at 120, 326 S.E.2d at 690.

While such allegations do not have to appear on the face of the application, Suite v. Clinchfield Coal Co., 8 Va. App. 554, 383 S.E.2d 21 (1989), aff'd en banc, 9 Va. App. 492, 389 S.E.2d 187 (1990), the employer must at least reference the documents from which the employee could gain notice of the issue and attach the documents to the application. See Suite, 8 Va. App. at 556, 383 S.E.2d at 22-23; see also Stump Trucking v. Stump, 12 Va. App. 555, 404 S.E.2d 747 (1991). Referencing and attaching the documents must be done in such a way as to provide reasonable

-3-

notice to the employee that the issue of causation will be raised.

In this case, the employer filed a change of condition application which merely stated "Dr. McGarry, the PAP [primary authorized physician] has indicated that the employee is capable of returning to work regular duty." The application does not specify what, if any, report is relied upon, nor give the employee any reason to reference any additional material to understand the nature of the employer's claim. Much like the situation in Stump, the reference in the application to an opinion of Dr. McGarry "failed to clearly identify the report so as to give [Smith] adequate notice." Id. at 558, 404 S.E.2d at 749. The application does not indicate that the commission or the employee needs to incorporate any additional forms to determine which issues are raised. From the face of the application, the employee has no way of knowing that a causation issue would be before the commission. See Johnson, 229 Va. at 120, 326 S.E.2d at 689-90.

Also, unlike the situation in Suite, the report upon which Dr. McGarry's opinion was based was not referenced, nor was it distinguished from other medical reports before the commission. Because the application was not specific, Smith had no way of determining what, if any, issue, other than disability, was before the commission. In light of due process, we note that the letter that was attached to the application was couched in rather

equivocal language. Cf. Suite, 8 Va. App. at 556, 383 S.E.2d at 22. Even if the letter had been referenced in the application, Smith could not have known that the employer was alleging that the "effects of the injury" had "fully dissipated" and that the "disability was the result of another cause." Since the face of the application did not provide notice, see Johnson, 229 Va. at 120, 326 S.E.2d at 689-90, and Stump, 12 Va. App. 555, 404 S.E.2d 747, and the letter was unreferenced in the application and contained equivocal references to Smith's injury, we affirm the commission's decision.

Keen also contends that the commission's finding that Smith was not able to return to work was incorrect. We disagree.

On appeal we examine the evidence in the light most favorable to the prevailing party below. Christiansen v. Metro Building Supply, 18 Va. App. 721, 723, 447 S.E.2d 519, 520 (1994). If credible evidence exists in the record, we will not disturb the commission's findings on appeal. Rose v. Red's Hitch & Trailer Service, Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding[s]." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

The deputy commissioner found that the evidence showed that Smith was still undergoing treatment for depression related to his compensable injury and was, therefore, unable to return to

his pre-injury status.  Although Dr. McGarry's letter explaining Smith's condition does state that Smith is _physically_ able to return to work, it does not eliminate the possibility that Smith is mentally unable to return to work.  Dr. Abeleda opined that Smith's poor psychological state was related to his compensable injury.  Assuming for argument that McGarry's letter clearly stated that Smith was fully able to return to his pre-injury status, Dr. Hill's and Dr. Abeleda's reports would conflict with Dr. McGarry's diagnosis.  When there is a conflict in the evidence, we are bound by the commission's finding if supported by credible evidence.  _Imperial Trash Service v. Dotson_, 18 Va. App. 600, 603, 445 S.E.2d 716, 718 (1994).  Given the credible evidence of the two examining physicians, Drs. Hill and Abeleda, and the equivocal nature of Dr. McGarry's letter, we find sufficient credible evidence in the record to support the decision of the commission.

_Affirmed._
