COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

JAMES D. WAGNER

v. Record No. 1844-95-4

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 5, 1996

JETT MECHANICAL, INC.
AND
OHIO CASUALTY INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jerry O. Talton, on brief), for appellant.

(Dawn E. Boyce; Trichilo, Bancroft, McGavin, Horvath & Judkins, on brief), for appellees.

James D. Wagner ("claimant") contends that the Workers' Compensation Commission erred in granting the change in condition application filed by Jett Mechanical, Inc. and its insurer (hereinafter collectively referred to as "employer") and in terminating his compensation benefits as of April 6, 1994. Specifically, claimant argues that the commission should have required employer to file a Petition to Vacate the September 29, 1993 award, on the basis of fraud, mutual mistake, or imposition. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

"'Where . . . causal connection between an industrial accident and disability has been established by . . . entry of an

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

award, an employer has a right to apply for termination of benefits upon an allegation that the effects of the injury have fully dissipated and the disability is the result of another cause.'" Suite v. Clinchfield Coal Co., 8 Va. App. 554, 555, 383 S.E.2d 21, 22 (1989) (quoting Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985)), aff'd on rehearing en banc, 9 Va. App. 492, 389 S.E.2d 187 (1990).

In its April 8, 1994 change in condition application, employer sought to terminate claimant's benefits on the basis that his current disability was unrelated to his August 6, 1993 compensable injury by accident. Employer filed Dr. Ramon Jenkins' February 24, 1994 report in support of its application.

Dr. Jenkins' February 24, 1994 report makes clear that, although he accepted claimant's assertion of an electrical shock accident occurring at work on August 6, 1993, he did not believe that the consequences of that accident were severe enough to result in ongoing disability. Thus, Dr. Jenkins concluded that claimant had completely recovered from the August 6, 1993 industrial accident. In addition, Dr. Jenkins' testimony revolved around his opinion that claimant's disability, if any, as of February 24, 1994, was not related to his exposure to an electrical shock on August 6, 1993.

Dr. Jenkins' reports and testimony were sufficient to raise the issue of lack of causal connection between the industrial accident and claimant's continuing disability. Therefore, the

commission did not err in refusing to require employer to file a Petition to Vacate the award, and in considering its change in condition application on the merits using a preponderance of the evidence standard, rather than a clear and convincing evidence standard.

Because claimant did not appeal the commission's finding that his current disability was unrelated to his compensable industrial accident on its merits, we will not review this finding on appeal.

For the reasons stated, we affirm the commission's decision.

Affirmed.