COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


UNITED PARCEL SERVICE OF AMERICA
 AND LIBERTY MUTUAL FIRE
 INSURANCE COMPANY

                                                              MEMORANDUM OPINION*
v.      Record No. 1643-03-2                                       PER CURIAM
                                                                 OCTOBER 28, 2003
MICHAEL SEAN BRADSHAW


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Patricia C. Arrighi; Taylor & Walker, P.C., on brief), for appellants.

          (Wesley G. Marshall, on brief), for appellee.


      United Parcel Service and its insurer (hereinafter referred to as "employer") contend the

Workers' Compensation Commission erred in finding that the issues of Michael Sean Bradshaw's

(claimant) physical ability to work and the cause of his alleged ongoing disability were not

before the commission when it considered claimant's August 28, 2001 change-in-condition

application seeking an increase in his temporary partial disability (TPD) compensation rate.

Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

      In refusing to consider the issues of claimant's physical ability to work and the causation

of his alleged ongoing disability, the commission found as follows:

              While we find that the claimant's claim placed the amount
          of [TPD] benefits in question, it did not place the extent of his
          underlying disability at issue.  Due process requires that the parties
          have notice and an opportunity to be heard on issues that are
          decided.  An elementary and fundamental requirement of due

_____

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

process in any proceeding that is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Rule 1.2(A) of the Rules of the Virginia Workers' Compensation Commission provides that: "A change in condition claim must be in writing and state the change in condition relied upon." The Hearing was limited to the issue raised in the claimant's August 28, 2001, letter claim alleging a change in condition. The Deputy Commissioner specifically and correctly stated that the employer's application to terminate compensation benefits based on a release to pre-injury employment by Dr. Robert G. Squillante, orthopedic surgeon, was not before him. While the employer stated that it defended the claim on the grounds that the medical record did not support the period of disability alleged, the grounds, even if true, did not provide a defense to the claimant's claim, which was based on his earnings. [Claimant] came to the Hearing with the burden to prove that he was entitled to an increase in his [TPD] compensation rate. The claimant's disability was not at issue, and he had no notice that it would be placed in issue at the Hearing. Therefore, any ruling with regard to his disability constitutes a violation of due process.

(Citations and footnote omitted.)

At the time claimant filed his August 28, 2001 application, he was under an open award of TPD benefits. His August 28, 2001 application seeking an increase in his TPD compensation rate did not necessarily raise the issues of his physical ability to work or the causation of his ongoing alleged disability. It only requested an increase in the rate of his compensation based upon his earnings. Employer's September 21, 2001 change-in-condition application seeking to terminate claimant's benefits based upon a release to pre-injury employment was not before the commission at the hearing conducted by the deputy commissioner upon claimant's August 28, 2001 application. Thus, claimant had no notice that the issues of his physical ability to work and/or the causation of his alleged ongoing disability were to be considered. Claimant was entitled to notice and an opportunity to be heard and present evidence before having his compensation benefits terminated. See Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 417,

270 S.E.2d 723, 726 (1980); cf. Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 689-90 (1985) (refusing to consider an issue not stated in the application).

Taking into account the procedural posture and facts of this case, the commission did not err in refusing to consider the issues of claimant's physical ability to work and the causation of his alleged ongoing disability when ruling upon claimant's August 28, 2001 change-in-condition application.[1]

The cases cited by employer in support of its assertion that claimant's August 28, 2001 change-in-condition application necessarily placed in issue both his physical ability to work and the causation of his alleged ongoing disability are distinguishable from this case based upon their facts and procedural posture.

In King's Market v. Porter, 227 Va. 478, 317 S.E.2d 146 (1984), and AMP, Inc. v. Ruebush, 10 Va. App. 270, 391 S.E.2d 879 (1990), the claimants' change-in-condition applications sought a *reinstatement* of compensation benefits, where as here, claimant was under an *open award* of TPD benefits and merely sought an increase in his rate of compensation. In addition, unlike this case, Celanese Fibers Co. v. Johnson, 229 Va. 117, 326 S.E.2d 687 (1985), and Central Virginia Training Ctr. v. Martin, 2 Va. App. 188, 342 S.E.2d 652 (1986), both dealt with the issue of whether causation was raised by an employer's change-in-condition application to terminate a claimant's compensation based upon an allegation that the claimant was able to return to pre-injury employment.

For these reasons, we affirm the commission's decision.

Affirmed.

---

[1] We note that the commission referred employer's September 21, 2001 change-in-condition application to the Dispute Resolution Department for appropriate processing.