COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Benton and Petty
Argued at Richmond, Virginia


SUSAN ANN WASHINGTON

MEMORANDUM OPINION[*] BY
v.        Record No. 1876-06-2              JUDGE JAMES W. BENTON, JR.
                                                     APRIL 17, 2007
STANFORD ENTERPRISES/UPSCALE
  HEALTHCARE SERVICES AND THE UNINSURED
  EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Greg Harbison (Jamie L. Karek; Geoffrey R. McDonald &
            Associates, P.C., on brief), for appellant.

            Steven H. Theisen (PennStuart, on brief), for appellee The Uninsured
            Employer's Fund.

            No brief or argument for appellee Stanford Enterprises/Upscale
            Healthcare Services.


        The Workers' Compensation Commission denied Susan Washington's application for

change in condition, ruling she failed to prove she was disabled from her pre-injury employment

and, alternatively, she failed to adequately market her residual work capacity.  We affirm the

decision.

                                          I.

        Susan Washington worked for Stanford Enterprises as a certified nursing assistant.  In her

employment, she assisted patients in their homes, performing duties such as cooking, giving

medication, putting diapers on patients, bathing patients, and dressing patients.  On March 17,

2004, Washington was in the process of transferring a patient, who weighed in excess of three

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hundred pounds, from her bed to a chair when the patient fell on Washington. Washington suffered a sprained lower back and a torn anterior cruciate ligament in her right knee. Washington received treatment for her injuries, including arthroscopic surgery and physical therapy.

Washington sought temporary total disability compensation benefits and medical benefits beginning March 20, 2004, and continuing as long as necessary. Following a hearing, a deputy commissioner found that Washington suffered injuries to her back and knee and awarded her medical care and treatment related back to the date of her injury. He also found, however, that no evidence in the record established "any physician actually removed . . . Washington from the workforce for any reason connected with the March 17, 2004, injury." The deputy commissioner entered an award "for medical care and treatment related . . . to the . . . injuries."

Several weeks after that decision, Washington filed an application for change in condition, seeking temporary total disability benefits. The Uninsured Employer's Fund defended on the grounds that Washington had no continuing disability and had failed to adequately market her residual work capacity. At the evidentiary hearing Washington testified about her duties as a nursing assistant and explained the services she performed for the heavy patient during the two years prior to her injury. She also testified the heaviest items she lifted as a nursing assistant were baskets of laundry that weighed significantly less than twenty pounds. Her treating physician reported she had reached maximum medical improvement and noted she has "job restrictions . . . [because] she cannot be carrying loads or lifting over 20 lbs. on a continuing basis."

The deputy commissioner found that Washington was entitled to temporary total disability beginning January 2, 2006, the date from which she reasonably marketed her residual work capacity. On appeal, the commission reversed that decision and set aside the award.

II.

We are governed by statute, which provides that an award of the commission "shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). Thus, on appeal from a decision of the commission, "[i]t is our duty to determine whether credible evidence supports the Commission's finding . . . and, if such evidence exists, to sustain the finding." Cook v. City of Waynesboro, 225 Va. 23, 31, 300 S.E.2d 746, 750 (1983). "We do not judge the credibility of witnesses or weigh the evidence on appeal." Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985). "If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983).

In her application alleging a change in condition, Washington bore the burden of proving her allegations by a preponderance of the evidence. Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438, 339 S.E.2d 570, 572 (1986). The commission's findings from the evidence included the following:

> The claimant[, Washington,] has the burden of proving the extent and duration of her disability. While we agree that her physician has placed causally related restrictions upon her capacity to work, he did not limit her from performing her pre-injury employment.
>
> [Washington] testified to her required duties, and agreed that, at most, she lifted seven pounds. The record does reflect that she pushed her patient in a wheelchair and performed other duties, such as rolling her over. However, Dr. Adelaar's restrictions were precisely limited to not continuously carrying loads or lifting over 20 pounds. According to [Washington's] testimony, her pre-injury job did not require this type of physical capability. Furthermore, her actions illustrated her acknowledgement that she could perform her pre-injury work, since she sought employment as a nursing assistant. [Washington] presented no convincing evidence to the contrary.

- 3 -

In her brief on appeal, Washington presents a narrative of the evidence viewed in the light most favorable to her change-in-condition application and cites no authority or precedent supporting her appeal of this issue. "Under our standard of review, [however,] when we consider an appeal from the commission's decision, we must view the evidence in the light most favorable to the party who prevailed before the commission." K&K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005). Furthermore, Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Simply put, Washington's brief does not comply with Rule 5A:20(e); it failed to include sufficient principles of law or any citation to legal authorities in support of this issue.

Upon our review, we cannot say the commission's opinion is not based upon credible evidence. The commission made factual findings based upon the testimony and the medical reports, and the commission drew reasonable inferences from that evidence. We, therefore, affirm the decision. This holding is dispositive because the insufficient challenge to the commission's finding on the issue of disability renders moot the issue of the adequacy of Washington's marketing of her residual work capacity. See Allen v. Southern Commercial Repair, Inc., 40 Va. App. 116, 120, 578 S.E.2d 64, 66 (2003) (explaining that an employee's efforts to market residual work capacity are a factor when deciding partial disability benefits).

                                                                                    Affirmed.