COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Kelsey and Senior Judge Coleman
Argued at Richmond, Virginia


SCHOOL BOARD OF THE CITY OF NORFOLK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1155-07-2                      JUDGE ROBERT P. FRANK
                                                    FEBRUARY 5, 2008
SIMON JORDAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Joan E. Mahoney, Deputy City Attorney (Bernard A. Pischko, City
        Attorney, on briefs), for appellant.

        Craig B. Davis (Emroch & Kilduff, LLP, on brief), for appellee.


        The School Board of the City of Norfolk, appellant/employer, appeals a decision by the

Workers' Compensation Commission denying appellant's application to terminate

appellee/claimant's outstanding award of temporary total disability (TTD) benefits.  For the

reasons stated, we affirm the commission.

                                          ANALYSIS

        On appeal from a decision of the Workers' Compensation Commission, the evidence and

all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577

S.E.2d 538, 539 (2003); Tomes v. James City Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315

(2002).  Also, "[w]e do not judge the credibility of witnesses or weigh the evidence on appeal."

Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985).  Rather, we are

bound by the commission's findings of fact as long as "there was credible evidence presented

────────────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

such that a reasonable mind *could* conclude that the fact in issue was proved," Westmoreland

Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original),

even if there is evidence in the record that would support a contrary finding, Morris v. Badger

Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).  Thus, we

consider whether the evidence supports the commission's finding that claimant remained

disabled due to his work injury.

Once an award of benefits has been entered in favor of a claimant, an employer has a

right to apply for termination of benefits upon an allegation that the effects of the injury have

fully dissipated and the disability is the result of another cause.  Johnson, 229 Va. at 120, 326

S.E.2d at 690.  The employer bears the burden of proving by a preponderance of the evidence the

allegations contained in its application for a change in condition.  Westmoreland Coal Co. v.

Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999).

The narrow issue before the commission was whether claimant's disability continued to

be caused by his work injury.  In reversing the deputy commissioner, the full commission

concluded:

> In this case, the claimant's treating physicians have
> concluded that the claimant is disabled and this disability and
> treatment are related to his industrial accident.  The independent
> medical examiner related the claimant's condition in part to the
> assault by the student.  It is well settled that when a treating
> physician is positive in his diagnosis and opinion, we defer to that
> opinion, as that doctor is more familiar with the claimant's history,
> course of treatment, and progression.  We see no reason to deviate
> from this principle in this case.  Since his 2000 accident, the
> claimant has treated with numerous physicians, all of whom have
> related his symptoms to his work accident.  Even the IME
> consulted in this case has concluded that the claimant's condition
> stems in part "indirectly" from his assault.  Therefore, we find that
> the claimant remains disabled due to his work accident.  We place
> more weight on the opinions of the psychiatrist and psychologist
> who have been treating the claimant over the opinion of
> Dr. Glovinsky, Ph.D. who has examined the claimant for the
> purposes of an independent medical evaluation.

- 2 -

Employer argues that the medical opinions of claimant's treating psychiatrist and psychologist were not credible and therefore the commission erred in placing more weight on those opinions than on the report of an independent medical examination offered by employer.[1]

Claimant suffered a compensable injury on November 22, 2000 and began receiving temporary total disability benefits on May 1, 2001. Employer subsequently filed an application to terminate benefits based on the allegation that claimant's current disability is unrelated to the original injury. Each party presented medical evidence to the deputy commissioner by way of written report.

While employer presented evidence to the contrary, claimant's evidence demonstrated that both his treating psychologist, Dr. Walczak, and his treating psychiatrist, Dr. Racoma, offered opinions that claimant continued to suffer from anxiety, anger, depression, and sadness that were causally related to the work accident. Specifically, Dr. Walczak opined, "Mr. Jordan continues to be totally disabled from work. His disability continues to be related in part to the original work incident of November 22, 2000." Dr. Racoma concluded "Mr. Jordan's November 22, 2000 incident . . . continues to be a primary contributing factor to his ongoing difficulties with anger, depression, anxiety, and sadness." Both of these treating doctors rejected the final report of the independent medical examiner, Dr. Glovinsky, which indicated that claimant's current injuries were not related to the original incident at the school.

Although the commission was presented with the conflicting medical opinions of three doctors, "the commission [is] free to decide which evidence was more credible and should be weighed more heavily." Thompson v. Brenco, Inc., 38 Va. App. 617, 624, 567 S.E.2d 580, 584 (2002). Here, the commission resolved the conflicting medical evidence in favor of the claimant

---

[1] In its brief, appellant lists five questions presented. Essentially, appellant is challenging the sufficiency of the evidence, on the basis of credibility, to support the commission's finding.

by concluding that claimant had presented sufficient evidence to prove he remains disabled due to his work accident. Specifically, the commission reasoned that, "[i]t is well settled that when a treating physician is positive in his diagnosis and opinion, we defer to that opinion, as that doctor is more familiar with the claimant's history, course of treatment, and progression." The commission also pointed out that "[e]ven the IME consulted in this case has concluded that the claimant's condition stems in part 'indirectly' from his [incident]." We will not disturb this finding on appeal.

Appellant further argues that Dr. Walczak is not claimant's treating physician and that his opinion is "stale." The record belies these claims. Dr. Walczak's letter, dated August 15, 2006, states that claimant has been his "active patient" since October of 2003. In referencing a progress note from April 4, 2005 which details symptoms of anger, depression, anxiety, and sadness, the August 15, 2006 letter points out that claimant's condition "remains essentially the same." From this, the commission could reasonably conclude that Dr. Walczak was claimant's treating physician and that he was familiar with claimant's treatment, progress, and current condition.

Finally, appellant asserts that Dr. Racoma's letter was authored by claimant's counsel and therefore, was not credible evidence of Dr. Racoma's opinion. Although the record indicates that claimant's counsel did prepare Dr. Racoma's opinion letter, we disagree with appellant. In his transmittal letter to Dr. Racoma, counsel indicated that he intended the draft letter to reflect Dr. Racoma's opinions. Counsel asked Dr. Racoma to sign the letter if he agreed with it as written, or to notify counsel of any necessary changes. Dr. Racoma signed and dated the letter as written on July 20, 2006. The commission accepted the letter and accorded it the weight they felt was appropriate. We will not disturb this finding on appeal. See Johnson, 229 Va. at 121,

326 S.E.2d at 690 ("We do not judge the credibility of witnesses or weigh the evidence on appeal.").

Upon our review, we cannot say the commission's opinion is not based upon credible evidence. The commission made factual findings based upon the medical reports, and the commission drew reasonable inferences from that evidence. We, therefore, affirm the decision.

<u>Affirmed.</u>