COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


DANVILLE SCHOOL BOARD, ET AL.

MEMORANDUM OPINION[*] BY
v.          Record No. 2168-95-2          JUDGE LARRY G. ELDER
                                          MARCH 26, 1996
THELMA H. CHILTON


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Gregory T. Casker (Daniel, Vaughan, Medley & Smitherman, P.C., on brief), for appellants.

Gary W. Kendall (Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., on brief), for appellee.


The Danville School Board (employer) appeals from the Workers' Compensation Commission's (commission) award of benefits to Thelma H. Chilton (claimant) for a change in condition related to a compensable injury by accident.  Employer contends that (1) claimant's claim for temporary partial disability benefits was statutorily time-barred, and (2) claimant's evidence did not establish the requisite causal connection between her partial disability and her compensable injury.  Disagreeing with employer, we affirm the commission's decision.

I.

FACTS

Claimant, who was employed by employer as a part time

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

cafeteria worker, sustained a compensable back injury on November 13, 1991, while lifting a twenty-five pound box. Employer accepted the injury as compensable, and awards were entered for various periods of temporary total disability. Claimant last received disability compensation on October 7, 1992.

After suffering her back injury, claimant consulted numerous physicians in an attempt to treat her lower back pain. Orthopaedic surgeon Dr. Alton F. Gross first treated claimant in November of 1991 and diagnosed a lumbosacral strain. Neurosurgeon Dr. John A. Jane examined claimant beginning on September 2, 1992, concluded that "there is absolutely nothing wrong" with claimant, and released her to "full activity."

On November 15, 1993, Dr. H. C. Eschenroeder, Jr. examined claimant and advised her that she probably suffered from a residual soft tissue problem in her lower back. Dr. William J. Richardson examined claimant on February 7, 1994, noted degenerative disc disease at L4-5 and L5-S1 discs, but did not recommend surgery. Dr. Eschenroeder again examined claimant on May 2, 1994, and suggested claimant rely on a TENS unit and nonsteroids for pain relief. Dr. Eschenroeder concluded that claimant would continue to suffer from partial, chronic disability. In a letter dated October 31, 1994, Dr. Eschenroeder stated that he could not determine the etiology of claimant's symptoms "and would be inclined to defer to the physicians who

saw her at the time of her injury."

Unsatisfied with Dr. Eschenroeder's treatment, claimant sought an opinion from Dr. Steven M. Fiore, who noted claimant's workplace injury and her treatment course since that time. After a discogram performed on October 31, 1994 again showed degenerative process at L3-4, L4-5, and L5-S1 discs, Dr. Fiore recommended sedentary work and physical therapy. Dr. Eschenroeder, on July 7, 1994, and again on September 12, 1994, opined that claimant's back pain limited her to "sedentary work activities."

Claimant testified at the deputy commissioner's hearing that she suffered from back pain since the accident and both before and after her chiropractic treatment, and that the pain continued to the present day.

Claimant filed a change in condition claim on August 29, 1994, seeking temporary total benefits and other appropriate benefits, and on December 9, 1994, seeking resumption of temporary partial disability benefits from September 1, 1994 and continuing, plus payment of bills related to Dr. Fiore's treatment. The deputy commissioner found that claimant timely filed her application but denied her claim because she did not causally relate her original injury to the 1994 disability. The full commission reversed and awarded benefits, concluding that claimant met her burden of causality. Employer now appeals to this Court.

## II.

### APPLICATION NOT TIME-BARRED

Code § 65.2-708 states that a review based upon a change in condition shall not "be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title."  In this case, both parties agree that claimant had until October 7, 1994 to file her application.  On August 29, 1994, while on summer break from her job as a cafeteria worker, claimant filed with the commission an application seeking temporary <u>total</u> benefits and "such other benefits as may be appropriate."  Claimant filed this application based upon her physician's opinion that she could perform only sedentary duties upon her return to work on September 1, 1994. On September 1, 1994, employer allowed claimant to return to work three days a week at a lower hourly wage, performing light duties.  On December 6, 1994, claimant notified the commission that she returned to work on a limited basis and stated, "[t]o the extent that [I] have not already asserted a claim for temporary <u>partial</u> benefits, please accept this letter as a notice for such a claim."

As the commission correctly recognized, "[t]he submission of a standardized, uniform award review application, although preferable and more conducive to the orderly administration and disposition of [workers'] compensation claims, is not a prerequisite for compliance with Code § 65.1-99 [current Code

§ 65.2-708]."  Reese v. Wampler Foods, Inc., 222 Va. 249, 255, 278 S.E.2d 870, 873 (1981).

Under commission Rule 13, the application must state the "change in the condition relied upon."  Central Virginia Training Ctr. v. Martin, 2 Va. App. 188, 192, 342 S.E.2d 652, 654 (1986). Claimant's August 26, 1994 application letter informed the commission and employer that she was physically unable to return to her pre-injury job when school began on September 1, 1994. Claimant's application letter specifically stated (1) that her inability to do non-sedentary work was due to back pain from her original workplace injury, and (2) that Dr. Eschenroeder believed claimant could not continue to perform the duties of her pre-injury job.  Claimant's notice to employer was meant to give employer the option of reducing its potential compensation liability by finding claimant suitable sedentary work, thus entitling her to temporary partial benefits (i.e., "such other benefits as may be appropriate").  Employer also had the option of not offering claimant alternate work duties, thus entitling her to temporary total benefits.

Furthermore, we reject employer's contention that claimant should not have filed a claim for benefits until September 1, 1994, the date she was scheduled to return to her job.  At all times relevant to this case, including the school's summer break before September 1, 1994, claimant was employed by employer and was entitled to file a disability claim.  To hold otherwise would

bar relief for those employees whose two year statute of limitations period expires during a summer break from school.

The Workers' Compensation Act "should be liberally construed in harmony with its humane purpose." Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 34, 366 S.E.2d 271, 272 (1988)(en banc). In light of this principle and the facts of this case, we agree with the commission that although the December 6, 1994 letter was the first to specifically mention a claim for temporary partial disability benefits, this was a clarification and amendment of claimant's August 29, 1994 claim. Therefore, we hold that claimant timely filed her claim based on a change in condition.

## III.

### CONDITION CAUSALLY RELATED TO ORIGINAL INJURY

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of [workers'] compensation law provide that in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence." Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987).

We hold that claimant met her "burden of establishing by a preponderance of the evidence the existence of a disability which was the consequence of the injury by accident." Hungerford

-6-

Mechanical Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991). Claimant demonstrated that her back pain began in 1991, immediately after her workplace injury, and that her pain continued uninterrupted from that point. "The testimony of a claimant may [] be considered in determining causation, especially where the medical testimony is indefinite." Dollar General Store v. Cridlin, __ Va. App. __, __, __ S.E.2d __, __ (1996).

Furthermore, claimant's physicians related the onset of her back pain with her workplace injury, and their reports and records fully related claimant's account of her original injury. An MRI of claimant's spine, conducted on November 22, 1991, only nine days after her injury, revealed mild bulging of the L4-5 and L5-S1 discs, with no herniation. This evidence, in part, provided the commission with credible evidence that claimant's injury caused the bulging and pain. While the physicians' reports may have lacked the desired specificity as to the etiology of claimant's pain, the commission may make awards even "when medical evidence on these matters is inconclusive, indecisive, fragmentary, inconsistent, or even nonexistent." Id.

For these reasons, we affirm the commission's decision.

Affirmed.