COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


S. W. RODGERS COMPANY, INC.
 and VALIANT INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1467-97-4    JUDGE JERE M. H. WILLIS, JR.
                                         MARCH 10, 1998
LARRY G. SETTLE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            William S. Sands, Jr. (Duncan and Hopkins,
            P.C., on brief), for appellants.

            Peter J. Jones for appellee.



     S. W. Rodgers Company, Inc. and its insurance carrier

(Rodgers) appeal from a decision of the Virginia Workers'

Compensation Commission awarding temporary total disability

benefits to Larry G. Settle.  Rodgers contends that the

commission erred in holding that a period of total disability

after an injured employee's refusal of selective employment

terminates the operation of the benefits limitation clause in

Code § 65.2-510(B).  However, the commission's decision was not

based upon such a holding, but rather upon its determination that

the facts in this case do not invoke the operation of Code

§ 65.2-510.  We affirm the commission's award.

     Rodgers employed Settle as a diesel mechanic.  On June 20,

1994, Settle injured his right shoulder in an industrial

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accident. Rodgers accepted the claim and paid Settle temporary total disability benefits from February 13, 1995 to March 19, 1995. On March 20, 1995, Rodgers provided Settle a suitable light duty position. Settle received temporary partial disability benefits from March 20, 1995 to April 23, 1995. On April 24, 1995, although still working light duty, Settle began earning his pre-injury average weekly wage and his compensation ceased. See Code § 65.2-502.

On May 20, 1995, Rodgers terminated Settle for misconduct. On June 28, 1996, the full commission held that the May 20 termination was for "unjustified cause," equivalent to Settle's refusal of selective employment, but held that Settle had cured this refusal by finding new employment. Because the average weekly wage that Settle would have received had he maintained selective employment with Rodgers equaled his pre-injury average weekly wage, the commission denied Settle compensation benefits for partial incapacity. See Code § 65.2-510(B). This decision was not appealed and became final.

On November 20, 1995, Settle underwent further medical treatment and the parties stipulated an award reinstating temporary total disability benefits.

On March 7, 1996, Rodgers filed an application seeking termination of Settle's total disability benefits. The application alleged that on January 17, 1996, Settle had been released to light duty work. It further alleged that Settle's

prior refusal of Rodgers' light duty offer barred him from receiving temporary partial disability benefits, pursuant to Code § 65.2-510(B).

The deputy commissioner denied the petition and "reinstated" Settle's temporary total disability benefits, holding that a period of good faith temporary total disability from which there is no new unjustified refusal of offered employment supersedes a previous benefit limitation imposed pursuant to Code § 65.2-510(B). On review, the full commission affirmed the award. However, the full commission based this ruling upon its determination that Rodgers had failed to prove a change in Settle's condition and that, thus, Code § 65.2-510 was inapplicable. The record supports this determination.

A change in a claimant's physical condition or capacity to work may justify modification of an existing award. Code § 65.2-708; Central Virginia Training Ctr. v. Martin, 2 Va. App. 188, 192, 342 S.E.2d 652, 654 (1986). However, "[i]n an application for review of an award on the ground of a change in condition, the burden is on the party alleging such change to prove his allegation by a preponderance of the evidence." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986) (citation omitted).

Rodgers contends that Settle's outstanding award for temporary total disability benefits should be terminated and that an award of temporary partial disability, providing no benefits

pursuant to Code § 65.2-510(B), should be entered.  However, to prove the change in condition required for modification of the outstanding award, Rodgers was required to prove that Settle "was either able to return to his regular employment or that he had been offered or provided selective employment within his work capacity."  National Linen Service v. McGuinn, 5 Va. App. 265, 270, 362 S.E.2d 187, 190 (1987) (en banc).  The record supports the commission's finding that Rodgers failed to carry this burden of proof.

The award of the commission is affirmed.

Affirmed.