CAROL A. FLAVIN

v.

J. C. PENNEY COMPANY, INC., et al.

No. 0126-84

Argued March 13, 1985

Decided August 6, 1985

COUNSEL

C. Waverly Parker, for appellant.

Joseph Dyer (Susan E. Greenlief, on brief) for appellee.

OPINION

**BAKER, C.J.\***—Carol Flavin (claimant) appeals from a decision of the Industrial Commission finding that she unjustifiably refused an offer of selective employment which was tendered to her by J.C. Penney Company, Inc., her employer. The opinion of the full Commission upheld the prior finding of a deputy commissioner.

The issues on appeal are (1) the refusal of the Commission to reopen the case to allow the introduction of after discovered evidence, (2) the sufficiency of the evidence, and (3) the refusal of the Commission to reopen the case because nine minutes of the record were missing.

Section 65.1-97 of the Code provides in part as follows:

". . . the full Commission . . . shall review the evidence or, if deemed advisable, as soon as practicable, hear the parties at issue, their representatives and witnesses . . . ."

In the present case the full Commission did not review all the evidence because a nine minute portion of the proceedings was missing due to a mechanical malfunction of the tape recording

---

*Chief Judge E. Ballard Baker presided at the oral argument and authored the panel's unanimous decision prior to his death.

equipment. Neither the parties nor the deputy commissioner was able to recall the content of the missing nine minutes of evidence. It does appear, however, that the missing evidence included the cross-examination of the claimant and the examination of Lance Foshee, a lay witness on her behalf. This testimony was, therefore, never heard or considered by the Commission.

Rule 5A:11 sets forth the procedure for filing an appeal from the Industrial Commission. Subparagraph (c) provides that the record shall consist of various items including "the transcript of any hearing." Unlike Rule 5A:7 dealing with appeals from circuit courts, there is no provision in Rule 5A:11 for resolving any disagreement as to the contents of the record.

This Court must decide the case on the record, which includes "the transcript of any hearing". Rule 5A:11. Here, we have only an incomplete transcript. Not only does this Court have an incomplete transcript, but the full Commission itself, charged with the responsibility to "review the evidence," did not have the full evidence before it.

The employer argues that the issue was a medical question and that nothing said by the claimant in her cross-examination or by her lay witness could have affected the outcome. The short answer is that Code §65.1-97 requires the Commission to review the evidence, not just part of it. It cannot be said as a matter of law that the nine minutes of evidence, which were not presented to the full Commission or to this Court, had no affect on the outcome of the case.

Claimant also has objected to the Commission's refusal to allow the introduction of what is alleged to be after discovered evidence. This evidence consists of Dr. Lang's report of August 7, 1984.

Acting under Rule 3 of the Commission Rules, the Commission held that this material did not meet the requirements of that rule and, therefore, refused to permit it to be introduced. This Court finds no error in this action of the Commission. *Nicholson v. Clinchfield Coal Corporation*, 154 Va. 401, 153 S.E. 805 (1930). There is no evidence that the doctor was unavailable to the claimant prior to the hearing. Dr. Lang's report cannot, therefore, be termed after discovered evidence under Industrial Commission Rule 3.

For the reasons stated above, this Court will set aside the order of the Commission of October 12, 1984, and remand the case with instructions that the Commission reconsider the evidence after the parties have had an opportunity to complete the record by the cross-examination of the claimant and the receipt of testimony of her lay witness.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Benton, J., and Keenan, J., concurred.