## Alexandria
## DYNALECTRIC COMPANY, et al.
## v.
## WARREN G. ELLIS
No. 0030-94-4
Decided January 24, 1995

542

COUNSEL

Joseph C. Veith, III (Montedonico, Hamilton & Altman, P.C., on brief), for appellants.

Donald A. King, *pro hac vice* (Joseph B. Bullock, on brief), for appellee.

OPINION

**MOON, C.J.**—Appellants, Dynalectric Company and American Guarantee Liability Insurance Company, appeal a decision of the Workers' Compensation Commission affirming a decision that appellee, Warren G. Ellis, was unable to return to his pre-injury employment. Appellants contend the commission erred as a matter of law in dismissing the employer's causal relationship application on *res judicata* grounds because the issue had not been previously before the commission or decided by it and erred as a matter of law by affirming the deputy commissioner's findings without reviewing the entire record. We agree with appellants' first contention, but disagree with their second. Accordingly we affirm the commission in part and reverse and remand this case for further proceedings on the issue of causation.

Warren G. Ellis (claimant) was injured on April 10, 1989, when he fell on the job while employed by Dynalectric Company. The claim was accepted as compensable by Dynalectric and its insurance carrier, American Guarantee Liability Insurance Company (hereinafter employer). The parties entered into a "Memorandum of Agreement As To Payment of Compensation" agreeing that claimant had suffered the following injuries as a result of the fall: "Fracture of left scapula and dislocation of left SI joint and pubis joint." This agreement was the basis for the commission's initial award on August 20, 1990.

On February 20, 1992, the employer filed an Application for Hearing alleging a change in condition under Code § 65.2-708 and seeking termination of the temporary total disability benefits then being paid to claimant. The application alleged that claimant was able to return to his regular pre-injury work as of January 26, 1992, based upon a report prepared by Dr. Charles Epps, who examined claimant.

On March 26, 1992, the commission reviewed the decision by the deputy commissioner rejecting employer's application. In reversing the deputy commissioner, the commission found that claimant's "physical condition had been stabilized for well over a year and he had not received recent medical treatment for his physical condition." The commission also noted that, "[w]hile it appears the employee's psychological condition may disable him, the psychological condition had not been accepted by the carrier."

The employer's application was ultimately referred to the hearing docket and hearings were held July 6, 1992, February 9, 1993, and February 25, 1993, respectively. At the July 6, 1992 hearing, claimant provided several reports indicating that he suffered from an accident-related psychiatric condition, which prevented him from returning to normal employment of any type. The deputy commissioner refused to hear evidence on the issue of causation of claimant's psychiatric condition because it was not raised in the employer's February 20, 1992 application. The employer contended that because it had not agreed to a psychiatric condition as the basis of the commission's original award of benefits, it did not need to raise that issue in its application for hearing if the sole disability was due to a psychiatric condition. The deputy commissioner disagreed with the employer's contention and the employer accordingly filed a second application on July 6, 1992, raising the

issue of causal relationship between the alleged psychiatric condition and the industrial accident.

On April 16, 1993, the deputy commissioner denied the relief sought in the employer's first application (awarding the resumption of benefits to the claimant based entirely on the claimant's psychiatric condition) and referred the case to Dispute Resolution to consider the employer's application on the issue of causation filed July 6, 1992. The employer duly sought review of this decision by the full commission which, in an opinion dated December 8, 1993, affirmed the deputy commissioner's findings. While the issue of causal relationship was not specifically raised in the employer's appeal to the full commission, the employer's July 6, 1992 application on the issue was dismissed on *res judicata* grounds. No evidence has ever been heard or reviewed on the issue of causal relationship of the claimant's psychiatric condition and the industrial injury.

I.

■ We hold that the commission erred in dismissing the employer's second, causal relationship application and finding that issue to be barred under the doctrine of *res judicata. Res judicata*-bar is the particular preclusive effect commonly meant by use of the term "*res judicata.*" A valid, personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies. *Restatement of Judgments* §§ 47, 62, 83. (1942).

■ Collateral estoppel is the preclusive effect impacting in a subsequent action based upon a collateral and different cause of action. In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact *actually litigated* and essential to a valid and final personal judgment in the first action. *Restatement of Judgments* §§ 68, 82 (1942) (emphasis added); *Dorn v. Commonwealth*, 3 Va. App. 110, 113-14, 348 S.E.2d 412, 414-15 (1986).

In this case, there were two conditions, one physical, the other psychiatric, which may have prevented claimant from returning to pre-injury work. Only the physical condition, however, had been established and accepted by the employer as being causally re-

lated to claimant's industrial accident. The employer's first application alleging ability to return to regular work did not put in issue the question of causal relationship of either claimant's physical or psychiatric condition. The claimant had also previously withdrawn his January 14, 1991 application seeking a determination whether his emotional difficulties were related to the industrial accident.

The employer had no reason to seek a judicial determination of the causal relationship regarding claimant's psychiatric condition prior to July 6, 1992, because the employer's first application only concerned claimant's physical condition, on which the initial award was based, and whether he was able to return to his pre-injury work. The issue of causal relationship was never actually litigated, nor could it have been litigated at the first change of condition hearing before the deputy commissioner.[1]

Because no evidence was ever heard or reviewed by the deputy commissioner on the issue of causal relationship of claimant's psychiatric condition and the industrial injury, we agree with the employer that the full commission's decision on the basis of *res judicata* is erroneous. Therefore, we reverse the commission's decision and remand this case, in accordance with the deputy commissioner's original order, for further hearings to consider the employer's second application raising the issue of causal relationship between the alleged psychiatric condition and the industrial accident.

## II.

The employer's argument that the commission erred as a matter of law in affirming the deputy commissioner "while expressly refusing to review the entire record" is without merit.

---

[1] At the July 6, 1992 hearing, the deputy commissioner held that she could not hear evidence on the causal relationship between claimant's mental condition and his industrial accident because the only issue raised in the employer's application was whether claimant could return to pre-injury work. We believe that the deputy commissioner was correct in her findings of law relying on *Celanese Fibers Co. v. Johnson,* 229 Va. 117, 326 S.E.2d 687 (1985). *See Stump Trucking v. Stump,* 12 Va. App. 555, 404 S.E.2d 747 (1991); *Suite v. Clinchfield Coal Co.,* 8 Va. App. 554, 383 S.E.2d 21 (1989), *aff'd en banc,* 9 Va. App. 492, 389 S.E.2d 187 (1990). However, we note that in all of these cases only single disabling conditions, which had been established and accepted as compensable, were at issue. Also, none of these cases were decided on *res judicata* grounds.

The employer contends that the commission refused to review *all* of the evidence in the record and that the commission is mandated to do so under the Workers' Compensation Act. To support this contention, the employer cites Code § 65.2-705, which reads, in part, that "the full [c]ommission . . . shall review the evidence." Based on this provision, the employer argues that the following language in the commission's December 8, 1993 order affirming the deputy commissioner is clearly erroneous:

No useful purpose would be served by our review of the extensive record. Suffice it to say that we find upon review that the medical evidence clearly establishes that the claimant cannot return to his preinjury employment and that we agree with the deputy commissioner's findings of fact and conclusions of law in this regard.

█ We interpret the commission's language in the order as meaning that no useful purpose would be served by a review of the extensive record in its written opinion, not that it did not consider the evidence offered at the hearing. The employer equates "evidence" as used in Code § 65.2-705 with the word "record" used by the commission, which has led to its misinterpretation of this provision. To endorse the employer's interpretation that the commission is required to review every scintilla of evidence within the record would defy the logic of judicial economy and expediency. The commission was not required to re-read each document in the historical record of the case. What is required of the commission is that it not ignore relevant evidence and base its findings of fact on credible evidence.

In this case, the record in its entirety is comprised of nearly two thousand pages of medical evidence, much of which has little relevance to claimant's current disability. There is no indication that the commission failed to review all relevant parts of the record necessary to make a dispositive decision. Although we cannot tell what the commission reviewed on appeal, the employer, for its part, has failed to point out with any specificity those portions of the record which should have been reviewed by the commission but were not.

The commission addressed each argument raised in the *Defendant's Review Brief* on the issues of the claimant's alleged feigned condition and the weight of the evidence presented by the parties

concerning the claimant's psychological condition. Specifically, the commission found the opinions expressed by the claimant's medical witnesses to be more persuasive than those of the employer's medical witnesses and that the deputy commissioner had not erred in finding that the claimant was not feigning a mental illness. Furthermore, the deputy commissioner's ruling, which the full commission affirmed, was based solely on chronic pain syndrome from which the claimant suffered, not multiple personality disorder (MPD).

■ As further support of its argument that the commission erred in not reviewing the entire record, the employer cites *Flavin v. J.C. Penney Co., Inc.*, 1 Va. App. 1, 332 S.E.2d 805 (1985). *Flavin* is markedly different from this case because the commission in *Flavin* actually refused to review relevant evidence (a nine-minute portion of the claimant's testimony which was missing from the record on review), which was pointed out to it by the claimant. In *Flavin*, this Court held that the Workers' Compensation Act "requires the [c]ommission to review the evidence, not just part of it." *Id.* at 3, 332 S.E.2d at 806. The employer in the present case has misinterpreted *Flavin*.

■ Our ruling in *Flavin* does not stand for the proposition that the commission must review and expound upon every document that becomes a part of the record. Rather, our decision only held that the commission must review all relevant evidence having a bearing on a case and cannot comply with the Act where the record is incomplete because relevant evidence is missing. In the present case, no evidence is missing from the record, nor is there any indication that the commission refused to review any relevant evidence brought to its attention. In summary, a decision of the commission will not be reversed solely on the ground that the commission failed to review the entire record in its decision, nor will we reverse because the commission may not have revisited every page of the voluminous record.

*Affirmed in part,*
*reversed in part.*

Baker, J., and Duff, S.J., concurred.