COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


PITT DES MOINES, INC. AND
 EMPLOYERS INSURANCE OF WAUSAU
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0974-98-3       JUDGE RUDOLPH BUMGARDNER, III
                                         JANUARY 26, 1999
RANDY W. BUSBEE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Stephen A. Strickler (Matthew H. Kraft;
            McCardell & Inman, P.L.C., on brief), for
            appellants.

            Linda D. Slough (Chandler, Franklin &
            O'Bryan, on brief), for appellee.


        Pitt Des Moines, Inc. appeals a decision of the Workers'

Compensation Commission that awarded the claimant benefits for

injuries received when he fell at work.  Pitt Des Moines argues

that the commission erred when it held that the claimant suffered

low back injuries caused by the fall.  Concluding that the record

contains credible medical evidence that supports the award, we

affirm the commission's decision.

        The standard of our review of the commission's findings of

fact is well established.
            We do not retry the facts before the
            Commission nor do we review the weight,
            preponderance of the evidence, or the
            credibility of witnesses.  If there is
            evidence or reasonable inference that can be
            drawn from the evidence to support the
            Commission's findings, they will not be

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

> disturbed by this Court on appeal, even
> though there is evidence in the record to
> support contrary findings of fact.

Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983) (citations omitted).

The claimant, Randy Busbee, fell off a ladder on December 9, 1996, while working as a welder building a water tower. He fell a distance, variously described as from five to twenty feet, onto a rock floor and landed on his back and neck. Though at first he did not feel that he was injured, shortly afterwards he told his supervisor that he was hurt and went to get medical attention. Dr. Arbabi at Express Care referred him to a neurologist, Dr. Jonathan R. Amy, who released Busbee to light duty work. Busbee returned to light duty, but received permission to leave the job two days before the project ended so that he could go to his home in Florida. He planned to return to work on January 7, 1997, at the employer's next project where light duty work was available.

When Busbee returned from Florida, he got permission to see Dr. Ethan O. Todd. Dr. Todd saw him on January 7, 1997 and took him off work. Busbee reported this to Pitt Des Moines, and its insurer requested that Busbee see a physical medicine and rehabilitation specialist, Dr. Howard B. Weiss. Busbee saw him January 23, 1997.

On January 13, 1997, Busbee was videotaped while he worked for a concrete company. The video shows him without apparent difficulty stooping, bending, shoveling, lifting, and carrying

materials including boards about eight feet long.

After carefully reviewing the medical record, the deputy commissioner concluded that Busbee suffered a compensable injury to his back, right leg, right shoulder, right arm and neck on December 9, 1996. The deputy commissioner awarded benefits from December 9 through December 11, 1996, and January 7 through January 12, 1997, and awarded medical benefits for as long as necessary. Pitt Des Moines appealed claiming Busbee did not suffer an injury by accident arising out of and in the course of his employment, did not suffer any disability, did not suffer any low back injury, and the deputy commissioner incorrectly calculated weekly wages. The full commission affirmed the award modifying only the average weekly wage.

On this appeal, Pitt Des Moines limits its argument to the complaints of low back injury. It argues that the record is insufficient to establish an injury to the low back by accident or to establish a causal relation between any low back injury and the accident. Pitt Des Moines argues that the commission erred in failing to address all relevant and material evidence. We disagree and conclude that credible medical evidence supports the commission's findings that Busbee suffered a lower back injury that was causally related to his industrial accident on December 9, 1996.

Dr. Arbabi saw Busbee at Express Care on December 9, 1996. He complained of right arm and leg numbness, with upper back and

neck pain, and a burning feeling between his shoulders.  On December 11, 1996, Busbee complained to Dr. Amy of pain in the shoulder and right neck area with a burning pain on the right side of the cervical spine.  The doctor noted some pain in the medial aspect of the right elbow and tingling in two fingers of the right hand.  On December 17, Busbee reported to Dr. Amy continued neck and arm pain that was sometimes worse than previously reported.

Dr. Todd first saw Busbee on January 7, 1997 when Busbee complained of tingling fingers, occasional low back pain, and pain radiating in the right thigh.  That was the first specific reference in the doctors' records to lower back problems.  Busbee's most consistent complaints were pain in the upper back, primarily on the right side.  On January 14, 1997, Busbee complained to Dr. Todd of an episode of sudden pain to the right arm and leg that caused him to fall.  Dr. Todd's physical findings that day did not differ from his previous examination.  On January 28, 1997, he noted the claimant had limited motion in his neck and low back.

Dr. Weiss saw Busbee on January 23, 1997.  He noted that Busbee's primary complaint was low back and neck pain, right trapezial pain, and right leg and right arm pain.  On examination Busbee moved without difficulty.  Busbee said that activity produced back pain and that leg and back pain limited walking.  Dr. Weiss diagnosed cervical trapezial sprain and lumbosacral

sprain that he believed were causally related to the December 9, 1996 injury.

Dr. Todd saw the videotape of Busbee working at the concrete company on January 13, 1997, and he was questioned whether it changed his opinion. Dr. Todd acknowledged that Busbee's subjective complaints made the day after the videotape were inconsistent with what Todd observed on the videotape. Dr. Todd did not find Busbee's complaints to be exaggerated and acknowledged that they were consistent as to location and degree of pain. He also believed that Busbee's work on January 13 aggravated his condition, and the examination on January 14, 1997 reflected that. Based on the tape, Dr. Todd would not restrict Busbee's bending, lifting, or climbing.

After watching the videotape, Dr. Weiss said he would have placed no restrictions on Busbee. While he acknowledged that he made his observations based on Busbee's subjective complaints, Dr. Weiss saw no indications that Busbee exaggerated his complaints. Dr. Weiss stated that he had no way of knowing whether the work Busbee performed on January 13 affected his examination on January 14.

"[T]he commission must review all relevant evidence having a bearing on a case and cannot comply with the Act where the record is incomplete . . . ." Dynalectric Co. v. Ellis, 19 Va. App. 541, 547, 452 S.E.2d 372, 376 (1995). The commission is required to base its findings of fact on credible evidence, but not to

recite all of the evidence in its opinion. See id. at 546, 452 S.E.2d at 375; Code § 65.2-705. In Dynalectric, the employer appealed a commission's decision, which noted that "'[n]o useful purpose would be served by our review of the extensive record'" which consisted of two thousand pages of medical evidence. Id. at 546, 452 S.E.2d at 375. As in Dynalectric, "no evidence is missing from the record, nor is there any indication that the commission refused to review any relevant evidence brought to its attention." Id. at 547, 452 S.E.2d at 376. Cf. Flavin v. J.C. Penney Co., Inc., 1 Va. App. 1, 332 S.E.2d 805 (1985) (commission erred when it refused to review relevant evidence).

Contrary to Pitt Des Moines's assertion, the commission's decision reflects consideration of the entire record, and it specifically incorporates the deputy's findings into its opinion. On December 9, 1996, Busbee complained of upper back pain with a burning feeling between the shoulders to Dr. Arbabi. On December 11, 1996, he complained of burning pain on the right side of the cervical spine to Dr. Amy. On January 7, 1997, Dr. Todd noted that Busbee complained of occasional low back pain and more consistent pain in the upper back. Busbee's primary complaint on January 23, 1997 to Dr. Weiss was low back and neck pain. We conclude that there is evidence in the record that Busbee suffered injury to his back including his lower back.

Pitt Des Moines asserts that even if there was evidence of low back pain, the record is devoid of evidence establishing a

causal relationship between the fall and such problems. Dr. Todd testified that Busbee's complaints were consistent as to location and severity and that he did not exaggerate. Dr. Weiss also testified that Busbee's primary complaint was pain in his lower back and neck. Drs. Arbabi and Amy both noted Busbee's complaint of pain between the shoulders and on the right side of the cervical spine respectively. Both observations relate to reported complaints of back pain in December 1996. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). See McPeek v. P.W. & W. Coal Co., Inc., 210 Va. 185, 188, 169 S.E.2d 443, 445 (1969).

Pitt Des Moines stresses the value of the evidence recorded on the videotape which shows the claimant doing physical labor. Pitt Des Moines argues that the video evidence destroys the validity of the doctors' opinions made after Busbee returned from Florida. It argues that the commission should only look at the emergency room doctor's findings and the opinions made before January 7, 1997. When so limited, no evidence shows that Busbee suffered an injury to his lower back because the videotape renders the claimant's subjective complaints unbelievable.

It is true that a doctor's opinion based on a faulty premise is not entitled to weight when resolving conflicting evidence.

See <u>Clinchfield Coal Co. v. Bowman</u>, 229 Va. 249, 252, 329 S.E.2d 15, 16 (1985). However, the evidence in the videotape does not undermine all evidence supporting the claimant's proof of injury. He did fall and did suffer compensable injuries. The tape does establish that the claimant was not limited after January 13, 1997, and the commission ruled that the tape rebutted any claim of injury after that date. However, that does not conclusively rebut the claim of injury before that date. The commission must evaluate conflicting evidence and determine the inferences to draw from it. The record shows that the commission evaluated all the evidence including the videotape and the doctors' testimony after they saw it. Determining whether Busbee suffered an injury is a finding of fact that will not be disturbed on appeal.

For these reasons, we conclude that the evidence supports the commission's finding that Busbee injured his lower back on December 9, 1996. We affirm the commission's decision.

<u>Affirmed.</u>