COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia


COFFEEWOOD CORRECTIONAL CENTER/
  COMMONWEALTH OF VIRGINIA
                                                  MEMORANDUM OPINION* BY
v.      Record No. 2165-09-4                    JUDGE WILLIAM G. PETTY
                                                      MARCH 30, 2010
WILLIAM F. HENDERSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Scott John Fitzgerald, Senior Assistant Attorney General
            (William C. Mims, Attorney General; Maureen Riley Matsen,
            Deputy Attorney General; Peter R. Messitt, Senior Assistant
            Attorney General, on brief), for appellant.

            Thomas B. Morrison for appellee.


        Appellant, an employer, appeals the Workers' Compensation Commission's decision

rejecting the employer's defenses of *res judicata*, collateral estoppel, and abandonment and thus

awarding appellee, William F. Henderson, payment of permanent partial disability benefits for

the loss of use of his left leg.  For the reasons that follow, we affirm the commission's decision.

                                    I.  BACKGROUND

                                A.  The Injury and Claim

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

below, in this case Mr. Henderson, <u>Commonwealth v. Hudson</u>, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), and we grant to him all fair inferences flowing therefrom. <u>Coleman v. Commonwealth</u>, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

Mr. Henderson suffered injuries in a car accident while employed as a corrections officer by the employer. He sustained various injuries to his extremities, including his left leg. Subsequently, Mr. Henderson filed a claim with the commission and requested a hearing to determine the award of permanent partial disability benefits. The request for a hearing included the report of Dr. Jeffrey H. Phillips, which assessed the extent of the permanent partial disability to Mr. Henderson's extremities, including to his left leg, by assigning "permanency ratings" to those extremities. In doing so, however, Dr. Phillips assigned permanency ratings to the left knee and left ankle, rather than the left leg as a whole. Another doctor, Dr. McMahon, also assessed Mr. Henderson and submitted his report to the commission.

## B. Review by the Commission

A deputy commissioner conducted a hearing to consider the award of benefits for Mr. Henderson's injuries. Regarding the doctors' reports, the deputy commissioner found that "the determinations of Dr. Phillips are . . . comparatively more definitive than those of Dr. McMahon," and therefore agreed with the permanency ratings assigned by Dr. Phillips to Mr. Henderson's right arm, left arm, and right leg. However, with respect to the left leg, the deputy commissioner noted that Dr. Phillips had written two separate paragraphs focusing respectively on the damage to Mr. Henderson's left knee and left ankle, but he did not identify a specific rating to the left leg as a whole. Accordingly, the deputy commissioner did not accept either rating assigned to the left knee or left ankle as definitive regarding the permanent partial disability to the left leg as a whole. He therefore made "no finding with respect to the left lower extremity." His opinion concluded with the award of permanent partial disability benefits for the

- 2 -

extremities other than the left leg. The opinion never expressly denied benefits for the left leg. Finally, the opinion continued medical benefits under Code § 65.2-603 for all of Mr. Henderson's injuries, including the injury to his left leg.

The employer sought review of the deputy commissioner's opinion from the full commission. The commission addressed various arguments from the employer regarding the permanency ratings assigned by the deputy commissioner to extremities other than Mr. Henderson's left leg. Regarding the left leg, the commission was silent. Ultimately, the commission affirmed the opinion of the deputy commissioner, although the commission modified the permanency ratings assigned to Henderson's other injuries.

After obtaining a more precise statement from Dr. Phillips regarding the permanency rating to assign his left leg, Mr. Henderson applied for another hearing before the commission in order to resolve his claim. In its defense, the employer argued to a second deputy commissioner that *res judicata*, collateral estoppel, or abandonment precluded the awarding of benefits for Mr. Henderson's left leg. The deputy commissioner rejected these defenses and awarded benefits to Mr. Henderson for permanent partial disability to his left leg. The employer then sought review from the full commission, which affirmed the second deputy commissioner's opinion, although it modified the permanency rating assigned to the left leg by the deputy commissioner. The employer subsequently appealed to this Court.

II. ANALYSIS

A. *Res Judicata*

The employer first contends that the commission committed reversible error when it failed to apply the doctrine of *res judicata* to bar Mr. Henderson's request for permanent partial disability benefits for his left leg in the course of his second application. We disagree.

- 3 -

"The doctrine of *res judicata* is applicable to decisions of deputy commissioners and the full commission." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (en banc) (citing K & L Trucking Co., Inc. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)). It "'precludes the re-litigation of a claim or issue once a final determination on the merits has been reached.'" Id. (quoting Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994)). As the party seeking the application of the doctrine, "the employer must prove by a preponderance of the evidence that the issue previously raised was decided on the merits." Id. (citing Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998)). Accordingly, the "employer must prove that the deputy commissioner rendered a final judgment in its favor." Id. (citing Straessle v. Air Line Pilots' Ass'n, Int'l, 253 Va. 349, 353, 485 S.E.2d 387, 389 (1997)).

In Gibson, we held that we must uphold the full commission's interpretation of the finality of its deputy's opinion unless that interpretation is arbitrary and capricious. Id. at 130, 510 S.E.2d at 260-61.[1] In Gibson, a deputy commissioner assigned permanency ratings to an

---

[1] As we explained in Gibson, "The commission's interpretation [of its own rules] will be accorded great deference and will not be set aside unless arbitrary or capricious." Id. at 129 n.2, 510 S.E.2d at 260 n.2 (citing Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992)). Hence, we found the same principle to apply to the commission's interpretation of a deputy's opinion. Id. at 129-30, 510 S.E.2d at 260-61. This principle stems from an even broader rule regarding the authority of an administrative agency to "'apply expert discretion to the matters coming within its cognizance . . . .'" Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 161, 384 S.E.2d 622, 627 (1989) (quoting Virginia ABC Comm'n v. York St. Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979)).

> [J]udicial interference is permissible only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion. The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function.

Id. (quoting York St. Inn, Inc., 220 Va. at 315, 257 S.E.2d at 855).

employee's extremities, except the employee's left leg.  Id. at 126, 510 S.E.2d at 258.  The deputy explained that "based on the evidence before [him]" he was denying permanent partial disability benefits "at this time" because the doctor's report lacked specificity with respect to the injury sustained to the left leg.  Id. (internal quotations omitted).[2]  The deputy concluded his opinion by expressly denying permanent partial disability benefits for the left leg.  Id. at 126-27, 510 S.E.2d at 259.  Neither party sought review of that decision by the full commission.  Id.

The employee subsequently filed a second application for hearing under the same claim along with a more specific report from the doctor regarding the permanent partial disability of the employee's left leg.  Id. at 127, 510 S.E.2d at 259.[3]  The employer asserted *res judicata* as a defense at the second hearing, but the deputy rejected this defense because the first opinion denied benefits for the left leg "at this time" "based on the evidence before [the deputy]."  Id. The full commission affirmed this decision, interpreting the first opinion as a non-final judgment with respect to the injury sustained to the left leg.  Id. at 128, 510 S.E.2d at 259-60.  This Court, sitting *en banc*, refused to disturb the full commission's interpretation of the first opinion because that interpretation was reasonable in light of the entirety of the first opinion.  Id. at 126-31, 510 S.E.2d at 258-61.  Even though the end of the first opinion purported to deny benefits for the left leg, we concluded that it was permissible for the full commission to interpret the denial as qualified by earlier language that grounded the denial in "the evidence before [the deputy]" "at this time."  Id.  Therefore, it was not arbitrary and capricious for the full

---

[2] In Gibson, the doctor's report "did not explain that the [claimant's leg injury] was permanent or that claimant had reached maximum medical improvement."  Id. at 126, 510 S.E.2d at 259.

[3] The new report by the doctor in Gibson "was not based on a contemporaneous evaluation but represented a more complete discussion of the basis for the disability rating."  Id. at 127, 510 S.E.2d at 259.

commission to interpret the first opinion as a non-final judgment with respect to the extremity at issue. Id.

Like the full commission's interpretation of the first opinion in Gibson, the full commission's interpretation of the first opinion in this case was reasonable in light of the entire first opinion. According to the full commission, the deputy's first opinion "signified a lack of finality in the proceedings related to the claimant's claim for benefits for his left [leg]." The full commission reasonably interpreted that the award for benefits was qualified by the deputy making "no finding" with regard to the left leg because the report before the deputy identified a permanency rating for the left knee and left ankle, but not the left leg as a whole. In fact, unlike the first opinion in Gibson, the first opinion in this case did not expressly deny benefits for the left leg. Further, the first opinion in this case includes the extension of medical benefits under Code § 65.2-603 for all of Mr. Henderson's injured extremities, including his left leg. Accordingly, we hold that the full commission's interpretation of the first opinion was not arbitrary and capricious, and hence we uphold the commission's interpretation of the deputy's first opinion as a non-final judgment. Therefore, the doctrine of *res judicata* does not apply.

## B. Collateral Estoppel

The employer further contends that the commission committed reversible error by failing to apply the doctrine of collateral estoppel to bar Mr. Henderson's claim. Collateral estoppel bars the re-litigation of "any issue of fact *actually litigated* and essential to a valid and final personal judgment in [a prior] action." Dynalectric Co. v. Ellis, 19 Va. App. 541, 544, 452 S.E.2d 372, 374 (1995) (emphasis in original). Hence, the doctrine of *res judicata*, like the doctrine of collateral estoppel, requires a final judgment for its application. As we have already explained, the full commission reasonably interpreted the deputy's first opinion as a non-final judgment. Therefore, like *res judicata*, collateral estoppel similarly does not apply.

- 6 -

## C. Abandonment

The employer finally argues that Mr. Henderson abandoned his claim. A workers' compensation claimant has not abandoned his claim with respect to a particular extremity where a settlement or hearing implicitly or expressly fails to determine the award of benefits for the particular extremity. See Jones v. United States Senate Fed. Credit Union, 55 Va. App. 227, 231-32, 685 S.E.2d 189, 191-92 (2009). In Jones, a claimant entered into a Memorandum of Agreement (MOA) with her employer to settle her claims related to a particular incident. Id. at 229-30, 685 S.E.2d at 190-91. The MOA required the claimant to list all injuries arising out of the incident, but she failed to list an injury that she later sought benefits for through a second claim. Id. We concluded that entering into an MOA required the submission of all injuries arising from the incident, despite the claimant's contention that it only partially settled her claim. Unlike the MOA in Jones, neither a settlement nor a hearing has determined the benefits to award for Mr. Henderson's left leg. Quite the contrary—the first deputy expressly deferred adjudication of benefits when he made "no finding" with respect to the left leg. Mr. Henderson has continued to press his claim regarding his left leg. Therefore, Mr. Henderson has not abandoned his claim.

## III. CONCLUSION

For the foregoing reasons, we conclude that the commission did not err when it refused to bar Mr. Henderson's claim for permanent partial disability benefits for his left leg based on *res judicata*, collateral estoppel, or abandonment. Therefore, we affirm the commission's decision.

Affirmed.